FILED BY __R.P.B.__ D.C.

Apr 15, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. __24-6158-HUNT__

**UNITED STATES OF AMERICA**

v.

**AARON BOYKIN,**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ STEVEN J. SARKEES_____
 Steven J. Sarkees
 Special Assistant United States Attorney
 Court ID No. A5503194
 99 NE 4th Street
 Miami, Florida 33132-2111
 Tel: (305) 961-9416
 Email: Steven.Sarkees@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  24-6158-HUNT |
| AARON BOYKIN, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY __R.P.B.__ D.C.
Apr 15, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  April 6, 2024  in the county of  Broward  in the
  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(i) | Bringing Aliens into the United States |
| 8 U.S.C. § 1327 | Aiding or Assisting Certain Aliens to Enter |
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Enrique Marrero, HSI Special Agent
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  FaceTime

*Judge's signature*

Date:  4/13/2024

City and state:  Fort Lauderdale, Florida    Honorable Patrick M. Hunt, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Enrique Marrero, being duly sworn, do depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Miami, Florida, and have been so employed since April 2021. I am currently assigned to the Human Smuggling Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a U.S. Secret Service ("USSS") Special Agent from 2017 through 2021. I have completed the Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center and the USSS Special Agent Training Course at the James J. Rowley Training Center. This comprehensive training in multiple disciplines included proper investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act.

2. The statements contained in this Affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other State and Federal law enforcement officers and agents, interviews, and written reports. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or other law enforcement officers or agents involved in this investigation.

3.     I submit this Affidavit in support of a criminal complaint charging Aaron Linwood Boykin ("BOYKIN") in violation of Title 8, United States Code, Section 1327, Title 8, United States Code, Section 1324 and Title 8, United States Code, Section 1326(a).

**PROBABLE CAUSE**

4.     On or about April 6, 2024, at approximately 10:00 PM, the United States Coast Guard ("USCG") observed an unlighted vessel (the "SUBJECT VESSEL") leaving Bimini, Bahamas traveling westbound towards the United States. USCG contacted Customs and Border Patrol Air and Marine ("CBP-AMO") to dispatch and intercept the SUBJECT VESSEL. CBP-AMO intercepted the SUBJECT VESSEL within United States territorial seas, east of Sunny Isle, Florida. The SUBJECT VESSEL failed to slow down and was non-compliant; CBP-AMO deployed one warning shot. SUBJECT VESSEL became complaint and was under positive control of CBP-AMO.

5.     Sixteen (16) passengers and one (1) operator were discovered on the SUBJECT VESSEL. BOYKIN was identified as the operator of the SUBJECT VESSEL. Several of the passengers had identification documents or passports indicating they were from the Bahamas, Brazil, Dominican Republic, Ecuador, Guyana, Jamaica, India, Philippines, and Trinidad and Tobago. BOYKIN nor any of the passengers had any visas authorizing their entry to the United States.

6.     All seventeen (17) subjects were transferred to a USCG Cutter for processing which includes the taking of biometrics and immigration record checks by Law Enforcement. The resultant checks confirmed all subjects did not have permission to enter the United States. Additionally, the biometrics and immigration record checks results revealed that BOYKIN, MALDONADO REINOSO, PALAGUACHI LLIGUICOTA, RICHARDS, and LOWE, had been

previously removed from the United States. Additionally, MALDONADO REINOSO, PALAGUACHI LLIGUICOTA, RICHARDS, and LOWE had previously been removed following aggravated felony convictions.

7. BOYKIN is a native and citizen of the Bahamas, based on a review of United States immigration records.

8. Immigration records also indicate that on or about December 26, 2023, an Immigration Judge ordered BOYKIN removed. BOYKIN subsequently was removed from the United States to the Bahamas on or about February 8, 2024.

9. A search of the records maintained by the United States Citizenship and Immigration Service also revealed that BOYKIN has never sought permission to reapply for admission to the U.S. from the United States Attorney General or his successor or the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557 after his removal and deportation.

10. Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe that BOYKIN did knowingly and unlawfully enter, and attempt to enter the United States, having previously been ordered removed from the United States, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a).

11. MALDONADO REINOSO is a native and citizen of the Dominican Republic, based on a review of United States immigration records.

12. Immigration records revealed that on or about August 18, 2010, MALDONADO REINOSO was ordered removed. MALDONADO REINOSO subsequently was removed from the

United States to the Dominican Republic on or about December 3, 2013. MALDONADO REINOSO was previously removed from the United States to the Dominican Republic on or about July 26, 2006. A criminal history records check revealed that MALDONADO REINOSO was previously arrested was arrested and convicted of Title 8, United States Code, Section 1326, Re-Entry of an Aggravated Felon, on April 15, 2011, in pursuant of Federal Law, in case number 16516308.  A search of the records maintained by the United States Citizenship and Immigration Service also revealed that MALDONADO REINOSO has never sought permission to reapply for admission to the U.S. from the United States Attorney General or his successor or the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557 after his removal and deportation.

13.    PALAGUACHI LLIGUICOTA is a native and citizen of Ecuador, based on a review of United States immigration records.  Immigration records revealed that on or about April 27, 2016, PALAGUACHI LLIGUICOTA was ordered removed. PALAGUACHI LLIGUICOTA subsequently was removed from the United States to Ecuador on or about May 13, 2016. PALAGUACHI LLIGUICOTA was additionally removed from the United States to Ecuador on or about April 27, 2023.  A criminal history records check revealed that PALAGUACHI LLIGUICOTA was previously arrested for Robbery in the 1st and 2nd Degree Robbery and Assault in the 3rd Degree. PALAGUACHI LLIGUICOTA was convicted upon a Plea of Guilty for Assault in the 3rd Degree on November 21, 2008, pursuant to New York State Law PL 120.00 SUB 02, in case number 2007QN023709. A search of the records maintained by the United States Citizenship and Immigration Service also revealed that PALAGUACHI LLIGUICOTA has never sought permission to reapply for admission to the U.S. from the United States Attorney General

or his successor or the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557 after his removal and deportation.

14. RICHARDS is a native and citizen of Jamaica, based on a review of United States immigration records. Immigration records revealed that on or about April 18, 2011, RICHARDS was ordered removed. RICHARDS subsequently was removed from the United States to Jamaica on or about May 26, 2011. A criminal history records check revealed that RICHARDS was previously arrested for Burglary in the 3rd Degree and convicted on July 08, 2009, pursuant to Florida State Statute 810.02.4a, in case number 482009CF003142000AOX. Additionally, RICHARDS was arrest for Grand Theft of Motor Vehicle and convicted on January 12, 2011, pursuant to Florida State Statute 812.014.2c6, in case number 592010CF000341BXXX11. Additionally, RICHARDS was arrested for the Sell, Manufacture, and/or Delivery of a Controlled Substance and convicted on April 05, 2011, pursuant to Florida State Statute 893.13.1a2, in case number 482010CF013238000BOX. A search of the records maintained by the United States Citizenship and Immigration Service also revealed that RICHARDS has never sought permission to reapply for admission to the U.S. from the United States Attorney General or his successor or the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557 after his removal and deportation.

15. LOWE is a native and citizen of Jamaica, based on a review of United States immigration records. Immigration records indicate that on or about April 18, 2011, LOWE was ordered removed. LOWE subsequently was removed from the United States to the Jamaica on or about October 21, 1999. A criminal history records check revealed that LOWE was previously arrested for Conspiracy to Possess with intent to Distribute Cocaine and convicted on December 12, 1990, pursuant to violation of the Federal Controlled Substance Act, in case number IJ-89-

Z003. A search of the records maintained by the United States Citizenship and Immigration Service also revealed that LOWE has never sought permission to reapply for admission to the U.S. from the United States Attorney General or his successor or the Secretary for Homeland Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557 after his removal and deportation.

16. On April 12, 2024, HSI conducted an interview with BOYKIN. Post-Miranda, BOYKIN's admitted to operating the SUBJECT VESSEL from the Bahamas to the United States. BOYKIN's admitted to knowing the subjects on the SUBJECT VESSEL were aliens.

## CONCLUSION

17. Based on the information provided above, I respectfully submit that there is probable cause to believe that BOYKIN, did knowingly aid or assist an alien inadmissible under section 1182(a)(2) or 1182(a)(3) (other than subparagraph (E) thereof) of this title to enter the United States, in violation of Title 8, United States Code, Section 1327. Additionally, BOYKIN, an alien, having previously been removed from the United States on February 08, 2024, was found in the United States illegally in violation of Title 8, United States Code, Section 1326(a).

(This space intentionally left blank)

18. Based on the information provided above, I respectfully submit that there is probable cause to believe that LOWE, an alien, having previously been removed from the United States on or about October 21, 1999, was found in the United States illegally in violation of title 8 United States Code section 1326(a).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ENRIQUE MARRERO, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by FaceTime this 13th day of April 13, 2024.

_____
HON. PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 24-6158-HUNT

### BOND RECOMMENDATION

DEFENDANT: AARON BOYKIN

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
SAUSA: Steven J. Sarkees

Last Known Address: _____

What Facility: _____

Agent(s): SA Enrique Marrero
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI